# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE M. LITVINUK-ROACH, | ) |
| Plaintiff, | ) |
| | ) Civ. A. No. 18-276 |
| v. | ) Hon. Nora Barry Fischer |
| | ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Upon consideration of Plaintiff Diane M. Litvinuk-Roach's oral request to supplement the record, (Docket Nos. 41; 48 at 58–59, 62), followed by a written motion, (Docket No. 46), Defendant Reliance Standard Life Insurance Company's Brief in Opposition and the relevant caselaw cited therein, (Docket No. 49), the pertinent portions of the Administrative Record ("AR"), (Docket No. 47), and for the following reasons, the Court DENIES Plaintiff's motion. (Docket No. 46).

Generally, judicial review of an ERISA benefits' denial under the arbitrary and capricious standard, which applies in this case, is limited to the AR which "cannot be supplemented during litigation." *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 793 (3d Cir. 2010) (quoting *Kosiba v. Merck & Co.*, 384 F.3d 58, 67 n.5 (3d Cir. 2004)). However, the United States Supreme Court has recognized the existence of a structural conflict of interest in cases where, as in here, "a plan administrator both evaluates claims for benefits and pays benefits claims . . . ." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008). In such cases, a court <u>may</u> consider documents outside the AR to determine whether the denial was affected by the plan administrator's conflicting interests. *Howley*, 625 F.3d at 793.

Here, Plaintiff seeks to supplement the AR with documents, purportedly, demonstrating that Defendant was apprised of Plaintiff's inability to attend the March 31, 2015 IME, and that Plaintiff requested Defendant to reschedule the IME. (Docket No. 46 ¶ 6). But, neither the documents, nor the justification for supplementation offered by Plaintiff is relevant "to assessing the extent of [Defendant's] conflict of interest, and by inference, the effect of that conflict on its decision-making process." *Howley*, 625 F.3d at 794. In this Court's estimation, even if the offered documents had any probative value to the conflict of interest inquiry, supplementation would have been unnecessary because the AR sufficiently details the events surrounding the cancellation and rescheduling (or lack thereof) of the IME. (Docket No. 47-1 at AR0124–AR0128). Accordingly, Plaintiff's motion to supplement the record, (Docket No. 46), is DENIED.

IT IS SO ORDERED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: January 16, 2019

cc/ecf: All counsel of record