**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANE M. LITVINUK-ROACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. A. No. 18-276 |
| v. ) | District Judge Nora Barry Fischer |
| ) | |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

### I.   INTRODUCTION

Litvinuk-Roach ("Plaintiff") sued Reliance Standard Life Insurance Company ("Defendant"), under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), for an improper termination of her disability benefits.[1] (Docket No. 11). Presently before the Court is a Motion for Summary Judgment filed by Defendant. (Docket No. 26). Because Plaintiff failed to prove that, at the time her benefits were terminated, she was "Totally Disabled" under the terms of the applicable policy ("Policy"), the Court will grant Defendant's Motion.

### II.   FACTUAL & PROCEDURAL BACKGROUND

A medical science liaison, Plaintiff stopped working in April 2012 due to knee, hip, and back problems and filed a claim for disability benefits under the Policy that Defendant issued to her employer. (Docket Nos. 28 ¶¶ 4, 7; 32 ¶¶ 4, 7). Defendant, who retained discretionary authority to determine a claimant's eligibility for benefits under the Policy, approved the claim and

---

[1] A plaintiff may bring a civil action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Plaintiff's disability payments ensued in July 2012. (Docket Nos. 28 ¶ 9; 32 ¶ 9; 47 (Administrative Record ("AR")) at 14). Like many policies, the one issued by Defendant entitled Plaintiff to receive disability payments for 24 months if she was unable to perform the material duties of her regular occupation—which Defendant classified as a "light exertion" occupation—but she would receive payments beyond that time only if she was unable to perform the material duties of "any" occupation. (Docket Nos. 28 ¶¶ 6, 11, 8; 32 ¶¶ 6, 11; AR at 14, 322–27). With the 24-month period coming to an end, Defendant performed a Residual Employability Analysis—to determine which occupations, if any, Plaintiff had the ability to perform—and identified five "sedentary" occupations for which Plaintiff was qualified. (AR at 380–95, 708). Accordingly, in a letter dated March 31, 2014, ("Initial Denial Letter"), Defendant informed Plaintiff that her benefits would be terminated at the end of the end her regular occupation period—i.e., July 2014. (Docket Nos. 28 ¶ 14; 32 ¶ 14; AR at 250–253).

In September 2014, Plaintiff, through her counsel, appealed the termination but advised Defendant that she was in the process of securing updated medical records that would be forthcoming. (Docket Nos. 28 ¶ 16; 32 ¶ 16). However, despite requesting and receiving multiple extensions of time, Plaintiff's counsel failed to submit those records to Defendant. (Docket Nos. 28 ¶¶ 17, 19, 20; 32 ¶¶ 17, 19, 20). This prompted Defendant to schedule an independent medical examination ("IME")—in accordance with the Policy's terms—but, despite being notified, Plaintiff failed to attend the IME. (Docket Nos. 28 ¶¶ 21, 22, 26; 32 ¶¶ 21, 22, 26; AR at 261–62). Defendant then informed Plaintiff's counsel that it intended to proceed with the review based on the medical records currently on file. (AR at 262). On April 6, 2016, however, Plaintiff's counsel eventually provided the promised additional medical records to Defendant. (Docket Nos. 28 ¶ 29;

31 at 7). Defendant's outside consulting physician, Dr. Mathew Shatzer,[2] reviewed all of Plaintiff's medical records and concluded that Plaintiff could perform "sedentary" work. (Docket Nos. 28 ¶ 30; 32 ¶ 30). Accordingly, in a letter dated May 5, 2015, ("Final Decision Letter"), Defendant affirmed the termination of Plaintiff's benefits. (Docket Nos. 28 ¶ 31; 32 ¶ 31; AR at 263–70).

Based upon the foregoing, Plaintiff initiated this action in state court on January 29, 2018, alleging state law breach of contract and bad faith claims. (Docket No. 1-2). On March 5, 2018, Defendant removed the case to this Court and, moved for dismissal based on ERISA preemption. (Docket Nos. 1, 4). Following instruction by the Court, Plaintiff filed an Amended Complaint on April 12, 2018, and Defendant filed an Answer on April 24, 2018. (Docket Nos. 11, 12). On September 10, 2018, Defendant filed a Motion for Summary Judgment, a Supporting Brief, a Concise Statement of Material Facts, and an Appendix. (Docket Nos. 26, 27, 28, 26-3–4). On October 9, 2018, Plaintiff filed a Brief in Opposition to Defendant's Motion for Summary Judgment, various exhibits, and a Response to Defendant's Concise Statement of Material Facts. (Docket Nos. 31, 31-1–5, 32). On October 29, 2018, Defendant filed a Reply Brief to which Plaintiff responded with a Sur-Reply Brief on November 12, 2018. (Docket Nos. 35, 36).

On November 13, 2018, the Court ordered Defendant to show cause why the case should not be remanded to require Plaintiff to undergo an IME, to which both Defendant and Plaintiff responded on November 19, 2018. (Docket Nos. 37, 39, 40). The next day, the Court held an Oral Argument on Defendant's Motion for Summary Judgment. (Docket Nos. 41, 48). Following instruction by the Court, Defendant supplemented the record with the complete AR along with the report compiled by Dr. Shatzer. (Docket Nos. 47, 53). As the present Motion for Summary Judgment has been fully briefed, it is now ripe for disposition. The Court's analysis follows.

---

[2] Dr. Shatzer is a Doctor of Osteopathic Medicine (D.O.) specializing in Physical Medicine and Rehabilitation. (Docket Nos. 28 ¶ 29; 31-4 at 1–3; 53-1 at 8).

**III. STANDARD OF REVIEW**

Summary Judgment is appropriate when the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact is one that could affect the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *N.A.A.C.P. v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The initial burden is on the moving party to adduce evidence illustrating a lack of genuine, triable issues. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue, in rebuttal. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). When considering the parties' arguments, the court is required to view all facts and draw all inferences in the light most favorable to the non-moving party. *Id.* (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *Bialko v. Quaker Oats Co.*, 434 F. App'x 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995)).

Nonetheless, a well-supported motion for summary judgment will not be defeated where the non-moving party merely reasserts factual allegations contained in the pleadings. *Betts v. New*

*Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010) (citing *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). The non-moving party must resort to affidavits, depositions, admissions, and/or interrogatories to demonstrate the existence of a genuine issue. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (citing *Celotex Corp.*, 477 U.S. at 324).

IV. DISCUSSION

Defendant asserts that Summary Judgment in its favor is warranted for two reasons.[3] First, Defendant maintains that Plaintiff failed to fully exhaust her administrative remedies under the Policy by refusing to attend the IME. (Docket No. 26 ¶ 2). Second, Defendant contends that Plaintiff failed to prove that she is "Totally Disabled" as required by the Policy. (*Id.* ¶ 3). The Court will discuss each of those arguments, in turn.

A. PLAINTIFF HAS EXHAUSTED HER ADMINISTRATIVE REMEDIES

Defendant contends that it is entitled to summary judgment because, by refusing to attend the IME, Plaintiff failed to fully exhaust her administrative remedies under the Policy. (Docket No. 26 ¶ 2). In support of this contention, Defendant cites several—non-binding—decisions dismissing lawsuits based on failure to attend IMEs. (Docket No. 27 at 7–9). Plaintiff responds by correctly pointing out that the decisions cited by Defendant are inapposite because the policies at issue there included language necessitating termination of benefits upon failure to attend an IME.[4]

---

[3] Another argument that Defendant initially raised but later conceded was that Plaintiff's complaint was time-barred by the applicable contractual limitation period. (Docket Nos. 26 ¶ 1; 35 at 4).

[4] Plaintiff also asserts that the "exhaustion doctrine" in the ERISA context has not been adopted in this jurisdiction. (Docket Nos. 31 at 11, 36 at 7). The United States Court of Appeals for the Third Circuit, however, has explained that "[w]hen a plan participant claims that he or she has unjustly been denied benefits, it is appropriate to require participants first to address their complaints to the fiduciaries to whom Congress, in Section 503, assigned the primary responsibility for evaluating claims for benefits." *Zipf v. Am. Tel. & Tel. Co.*, 799 F.2d 889, 892–93 (3d Cir. 1986) (citing 29 U.S.C. 1133). And, this Court has also noted that "[a]dministrative exhaustion under ERISA is a judicially-created affirmative defense, which has been adopted by the United States Court of Appeals for the Third Circuit. *Harding v. Provident Life & Acc. Ins. Co.*, 809 F. Supp. 2d 403, 420 (W.D. Pa. 2011) (citing *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir.2007)).

(Docket No. 31 at 10–11). Additionally, the Court notes that plaintiffs in some of those cases had sought judicial review prematurely—i.e., while an administrative appeal was pending—therefore, summary judgment based on failure to exhaust was warranted.[5] But, the Court need not engage in a detailed analysis of the decisions cited by Defendant or parse out the language of the Policy because, as explained below, the Final Decision Letter reflects that Defendant expressly waived the exhaustion argument.

The U.S. Court of Appeals for the Third Circuit has noted that "ERISA's exhaustion requirement bears all the hallmarks of a nonjurisdictional prudential rule." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007). And, it is well established that "prudential exhaustion provides flexible exceptions for 'waiver, estoppel, tolling or futility.'" *Id.* (quoting *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007)). Here, the Final Decision Letter states that, under the Policy, Defendant could have interpreted Plaintiff's "refusal to attend the scheduled IME" as a failure "to furnish the required proof of Total Disability" necessitating denial of her benefits. (AR at 268). But, "in an effort to determine [Plaintiff's] physical ability, [Defendant] arranged for an independent physician" to review her medical records. (*Id.*). Defendant concludes the Final Decision Letter by stating that its "decision is now final," as Plaintiff has "exhausted any administrative remedies available to" her. (*Id.* at 270). This forecloses Defendant's argument that Plaintiff's refusal to attend the IME—which, ultimately, was *not* the basis for the termination of her benefits—resulted in a failure to fully exhaust her administrative remedies under the Policy.

---

[5] *See, e.g.*, *Talasnik v. Mellon Bank Long Term Disability Plan*, No. 01-5899, 2003 WL 21956419, at *2 (E.D. Pa. July 9, 2003) (Plaintiff refused to be examined by a neuropsychologist and filed a lawsuit before defendant issued a final decision); *Hunter v. Metro. Life Ins. Co.*, 251 F. Supp. 2d 107, 112 (D.D.C. 2003) ("Plaintiff's failure to undergo an IME terminated the administrative review of her claim prematurely . . . [precluding judicial review] because there [was] no fully considered or reasoned explanation to review."); *Zalka v. Unum Life Ins. Co. of Am.*, 65 F. Supp. 2d 1369, 1371 (S.D. Fla. 1998) ("By refusing to submit to the IME and immediately filing suit . . . [p]laintiff precluded [d]efendant from completing its administrative review of her claim.")

### B.   PLAINTIFF FAILED TO PROVE THAT SHE IS "TOTALLY DISABLED"

Next, Defendant argues that it is entitled to summary judgment because Plaintiff failed to prove that she is "Totally Disabled" as required by the Policy. (Docket No. 26 ¶ 3). Under the Policy, Defendant is vested with discretionary authority to determine benefit eligibility. (AR at 14). Therefore, the Court reviews Defendant's benefit eligibility determination as to Plaintiff under an arbitrary and capricious standard. *McCann v. Unum Provident*, 907 F.3d 130, 147 (3d Cir. 2018) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). A benefit eligibility determination is arbitrary and capricious "if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 121 (3d Cir. 2012) (quoting *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 847 (3d Cir. 2011)). Substantial evidence is "defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Soubik v. Dir., Office of Workers' Comp. Programs*, 366 F.3d 226, 233 (3d Cir. 2004)). Ultimately, "[i]t is Plaintiff's burden to demonstrate that Defendant's decision was arbitrary and capricious." *Ryan v. PNC Fin. Servs. Grp., Inc.*, No. CV 14-1048, 2016 WL 374273, at *4 (W.D. Pa. Feb. 1, 2016) (citing *Marshall v. AT&T Umbrella Benefit Plan No. 1*, 804 F.Supp.2d 408, 415 (W.D. Pa 2011)).

In her brief in opposition, Plaintiff argues that Defendant acted in an arbitrary and capricious manner in handling her claim. (Docket No. 31). Specifically, Plaintiff asserts that the location of the IME, Defendant's decision not to reschedule the IME, and Defendant's selection of outside physicians—specializing in physical medicine and rehabilitation as opposed to the specific disease that Plaintiff had allegedly contracted—were arbitrary and capricious. (Docket No. 31 at 13–14).

Defendant maintains that Plaintiff failed to demonstrate that her disability precluded her from performing "any" occupation. (Docket No. 27 at 12). Under the Policy, after receiving benefits for 24 months—i.e., her regular occupation period—Plaintiff was entitled to benefits only if an injury or sickness precluded her from performing the material duties of "any" occupation. (AR at 10). Therefore, at the end of Plaintiff's regular occupation period, Defendant terminated her benefits based on its determination that Plaintiff was capable of "sedentary" work. (AR at 250–53, 263–70). After considering the complete AR, the Court finds that substantial record evidence supports Defendant's determination that Plaintiff could perform "sedentary" work. This evidence, which is catalogued in both the Initial Denial and the Final Decision Letters, includes specific references to medical notes by Plaintiff's treating physicians. (AR at 251, 265–66). Defendant also relied on the opinion of Dr. Shatzer who, after reviewing all of Plaintiff's medical records, concluded that Plaintiff could perform "sedentary" work. (Docket No. 53-1 at 6).

Plaintiff does not dispute the above referenced evidence. Instead, she claims that there is ample evidence on record—not appropriately considered by Defendant—which indicates that she is "Totally Disabled" under the Policy. In support of this claim, Plaintiff makes two assertions. (*Id.* at 14). However, as explained below, Plaintiff's first assertion does not establish that the decision to terminate her benefits was arbitrary and capricious, and Plaintiff's second assertion contemplates evidence that is outside the scope of this Court's review.

First, Plaintiff asserts that she has been receiving Social Security benefits since 2012 and contends, in a conclusory fashion, that the eligibility standard for those benefits is identical to the one for "Total Disability" under the Policy. (Docket Nos. 31 at 14, 36 at 9). Indeed, termination of benefits despite a favorable decision by the Social Security Administration ("SSA") "is a relevant—though not dispositive—factor" that may render Defendant's decision arbitrary and

capricious. *Post v. Hartford Ins. Co.*, 501 F.3d 154, 167 (3d Cir. 2007). Here, the Final Decision Letter reflects that Defendant did not disregard the SSA decision. Rather, Defendant explained that it was not bound by a favorable SSA decision because "a person's entitlement to . . . [those] benefits may be based upon a different set of guidelines, which sometimes may lead to differing conclusions." (AR at 269). Defendant reasoned that the SSA "may not have the results of the Independent Physician Review by Dr. Shatzer or other medical and vocations information [Defendant] may have developed in the file . . . [and] if the SSA were to review this report . . . they may reach a similar conclusion." (*Id.* at 269–70). Accordingly, the Court is not persuaded that a favorable SSA decision—which dates back to 2012—renders the decision to terminate Plaintiff's benefits in 2015 arbitrary and capricious.

Second, Plaintiff contends that her current medical history and treatments show that she is totally disabled under the Policy. (Docket No. 31 at 15). In support of her position, Plaintiff asserts she is under treatment for a parasitic disease and, because of that disease, she underwent a bilateral hip replacement in July 2017. (Docket Nos. 31 at 15, 36 at 9). However, these assertions are outside the scope of this Court's review which is limited to "evidence that was before [Defendant] when [it] made the decision being reviewed." *Fleisher*, 679 F.3d at 121 (quoting *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997)). In sum, Plaintiff has failed to demonstrate that Defendant's determination—that she is not "Totally Disabled" as required by the Policy—was arbitrary and capricious, at the time it was made.

## V. CONCLUSION

Based upon the foregoing, the Court will GRANT Defendant's Motion for Summary Judgment. An appropriate Order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 12, 2019